UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| CHRISTOPHER HESS, | : | **CIVIL NO: 1:08-CV-1360** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, and the ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**


On July 18, 2008, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner does not challenge his conviction.  Rather, the petitioner challenges the revocation of his parole and the calculation of his maximum sentence.

The petitioner claims that the Pennsylvania Board of Probation and Parole no longer had jurisdiction over him as to his 1987 sentence after the Board had not held a parole revocation hearing within 120 days of his 1995 conviction and had not acted before his maximum sentence expired.  The

petitioner also claims that the Pennsylvania Board of Probation and Parole abused its administrative authority and discretion when it failed to hear the petitioner's request for reconsideration of a 1997 decision of the Pennsylvania Board of Probation and Parole.

The following facts are not in dispute. On February 26, 1987 the petitioner was convicted of rape and was sentenced to a three to ten year state prison sentence. Doc. 12-2 at 1. The Pennsylvania Board of Probation and Parole granted parole and, on January 11, 1992, the petitioner was paroled from his February 1987 sentence. *Id*. at 3.

On July 11, 1994, the petitioner was arrested on new criminal charges. Doc. 12-2 at 4. On September 4, 1994, the Pennsylvania Board of Probation and Parole ordered that the petitioner be recommitted as a technical parole violator to serve, when available, 12 months backtime. *Id*. at 21. On September 8, 1995 the petitioner was yet again convicted of rape and other offenses. *Id*. at 4-10. On October 10, 1995, he was sentenced to an eight to twenty year state prison sentence. *Id.* at 30-31. The Pennsylvania Board of Probation and Parole

received verification[1] of the petitioner's conviction on September 18, 1995 while the petitioner was being held in the Cumberland County Prison.  *Id.*

On March 13, 1997, the petitioner was transferred to a state correctional institution.  Doc. 12-2 at 15.  The Pennsylvania Board of Probation and Parole held a revocation of

---

1.  37 Pa. Code § 71.4 (1) provides:

> A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:
>
> (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.
>
> (ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

parole hearing on May 19, 1997.  *Id*. at 16-24.  The Pennsylvania Board of Probation and Parole issued a Notice of Board Decision dated June 4, 1997, which provided:

> Refer to board action of 09-04-94 to recommit to a state correctional institution as a technical parole violator to serve 12 months backtime and now recommit as a convicted parole violator to serve 30 months concurrently for a total of 30 months. -30 months for the offenses of rape, unlawful restraint, simple assault, involuntary deviate sexual intercourse, indecent assault, criminal attempt to commit rape. Evidence relied on: certified copy of court record proving convictions. Reason: convictions in a court of record established.

*Id.* at 25-26.  The Notice of Board Decision established a new parole violation maximum date of January 21, 2000.  *Id.*  The Notice of Board Decision contains a date stamp indicating that it was mailed on June 24, 1997.  *Id*. at 26.

On March 30, 2007, the Pennsylvania Board of Probation and Parole received an administrative appeal[2] from the

---

2.  37 Pa. Code § 73.1 (a)(1) provides:

> An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central
> (continued...)

petitioner challenging the 1997 decision.  Doc. 12-2 at 27-29. On May 21, 2007, the Pennsylvania Board of Probation and Parole dismissed the petitioner's administrative appeal as untimely. *Id*. at 38.

In the meantime, on May 11, 2007, the petitioner filed a petition for review in the Pennsylvania Commonwealth Court. Doc. 12-2 at 39-42.  On May 15, 2007, the Commonwealth Court quashed his petition for review as untimely.  *Id*. at 43.  On May 25, 2007 the Commonwealth Court denied the petitioner's application for reconsideration.  *Id*. at 41.

On October 5, 2007 the petitioner filed a petition for leave of court to file a petition for allowance of appeal *nunc pro tunc* in the Pennsylvania Supreme Court*.  Id*. at 46.  On May 8, 2008, the Pennsylvania Supreme Court denied the petitioner's

---

2.  (...continued)
    Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal.

request for leave to file a petition for allowance of appeal *nunc pro tunc*.  *Id*. at 47.

On July 18, 2008, the petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus with this court.  The petitioner makes two claims in his petition.

The petitioner's first claim is that the Pennsylvania Board of Probation and Parole denied him due process by imposing an illegal sentence on him.  The petitioner claims that the Pennsylvania Board of Probation and Parole waived its jurisdiction and administrative authority over him on his 1987 sentence by failing to hold a parole revocation hearing within 120 days of his 1995 conviction.  Furthermore, the petitioner claims, the Pennsylvania Board of Probation and Parole no longer had control or custody of his 1987 sentence because his maximum sentence for that offense had expired on April 22, 1996.  Finally, the petitioner claims that the Pennsylvania Board of Probation and Parole imposed an illegal sentence on him by revoking and recalculating his maximum sentence for the 1987 conviction.

28 U.S.C. § 2244 (d)(1) provides:

> A 1-Year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; or ... D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this matter, the parole revocation is the relevant judgment and the factual predicate of the claim presented. Therefore, the analysis under sections A and D is the same. The petitioner had one year from the date the parole revocation became final to file his petition. The Pennsylvania Board of Probation and Parole mailed its decision to revoke and recalculate the petitioner's 1987 sentence on June 24, 1997. Petitioner then had thirty (30) days in which to file an appeal of the Pennsylvania Board of Probation and Parole's decision. 37 Pa. Code § 73.1.[3] The petitioner did not file such an appeal. Therefore, on July 24, 1997 the decision of the

---

3.  See note 2, above.

Pennsylvania Board of Probation and Parole became final.  As such, pursuant to 28 U.S.C. § 2244 (d)(1)(A)and(D), absent tolling,[4] the petitioner had one year from the date the decision became final to petition the court for a writ of habeas corpus.  The statute of limitations expired on July 24, 1998.  Since the petitioner did not file his petition for writ of habeas corpus until July 18, 2008, the petitioner's first claim is untimely under 28 U.S.C. § 2244 (d)(1).

The petitioner's second claim is that the Pennsylvania Board of Probation and Parole violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution by denying him access to the courts.  The petitioner claims that the Pennsylvania Board of Probation and Parole abused its administrative authority and discretion when it failed to hear his request for reconsideration from the 1997 decision.  Furthermore, the petitioner claims, such abuse has affected his protected liberty interest in his service of his 1995 conviction.

---

4.  The statute of limitations does not toll in this matter, under 28 U.S.C. § 2244 (d)(2), because the statute had already expired by the time the petitioner filed his 2007 administrative appeal and petition for review in the Commonwealth Court.

8

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b)&(c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

On May 21, 2007 the Pennsylvania Board of Probation and Parole dismissed as untimely the petitioner's administrative appeal for reconsideration of the 1997 decision. Doc. 12-2 at 38. Additionally, on May 15, 2007, the Commonwealth Court quashed the petitioner's petition for review as untimely. *Id*. at 43. The petitioner did not timely present his second claim to the state courts. The petitioner has not exhausted

available state remedies and there is no basis to conclude that the petitioner has at this point a state procedure to properly present his claim in a procedurally correct manner to the state courts.  Therefore, the petitioner's second claim is procedurally defaulted.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  November 20, 2008.