IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER HESS,** : | **CIVIL NO. 1:CV-08-1360** |
| **Petitioner** : | |
| : | |
| **v.** : | |
| : | |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION AND PAROLE, and** : | |
| **THE ATTORNEY GENERAL OF** : | |
| **THE COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** : | |
| : | |
| **Respondents** : | |

## MEMORANDUM AND ORDER

Petitioner, a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the revocation of his parole and the calculation of his maximum sentence. He also claims that the Board abused its administrative authority and discretion when it failed to hear Petitioner's request for reconsideration of the 1997 decision of the Pennsylvania Board of Probation and Parole.

The petition was referred to a magistrate judge who filed a report in which he recommends that the petition be dismissed. Petitioner filed objections to the report and recommendation. Petitioner's main concern is that the Pennsylvania Board of Probation and Parole did not have jurisdiction over him as to his 1987 sentence after the board had not held a parole revocation hearing within 120 days of his 1995 conviction and had not acted before his maximum sentence expired.

The following facts which are not in dispute are set forth in the report and recommendation as follows:

> On February 26, 1987 the petitioner was convicted of rape and was sentenced to a three to ten year state prison sentence. (Doc. 12-2 at 1.) The Pennsylvania Board of Probation and Parole granted parole and, on January 11, 1992, the petitioner was paroled from his February 1987 sentence. *Id*. at 3.
>
> On July 11, 1994, the petitioner was arrested on new criminal charges. Doc. 12-2 at 4. On September 4, 1994, the Pennsylvania Board of Probation and Parole ordered that the petitioner be recommitted as a technical parole violator to serve, when available, 12 months backtime. *Id*. at 21. On September 8, 1995 the petitioner was yet again convicted of rape and other offenses. *Id*. at 4-10. On October 10, 1995, he was sentenced to an eight to twenty year state prison sentence. *Id.* at 30-31. The Pennsylvania Board of Probation and Parole received verification[1] of the petitioner's conviction on September 18, 1995 while the petitioner was being held in the Cumberland County Prison. *Id*.
>
> On March 13, 1997, the petitioner was transferred to a state correctional institution. Doc. 12-2 at 15. The Pennsylvania Board of Probation and Parole held a revocation of parole hearing on May 19, 1997. *Id*. at 16-24. The Pennsylvania Board of Probation and Parole issued a Notice of Board Decision dated June 4, 1997. Id. at 25-26. The Notice of Board Decision established a new parole violation maximum date of January 21, 2000. *Id.* The Notice of Board Decision contains a date stamp indicating that it was mailed on June 24, 1997. *Id*. at 26.

(Report and Recommendation at pp. 2-4.)

Petitioner is apparently alleging that he should have had his parole revocation hearing within 120 days from the date the Bureau received verification of his conviction on September 18, 1995, while he was being held in Cumberland County Prison. However, 37 Pa. Code § 71.4(1)(I) provides:

2

> If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution <u>or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel</u> in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), <u>the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility</u>.

(Emphasis added.)

Petitioner was transferred from county prison to state prison on March 13, 1997 (Report and Recommendation at p. 3.) The parole revocation hearing was held on May 19, 1997. A notice of decision was dated June 4, 1997 and mailed June 24, 1997. The Pennsylvania Board of Probation and Parole had proper jurisdiction over Petitioner.

The magistrate judge's discussion on the reconsideration of the 1997 decision of the Pennsylvania Board of Probation and Parole is accurate. **IT IS THEREFORE ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Smyser.

2) The petition for writ of habeas corpus is denied.

3) This court declines to issue a certificate of appealability.

4) The Clerk of Court shall close the file.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: January 9, 2009.